IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40339
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ONESIMO RIOS-LOPEZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-96-CR-102-5
- - - - - - - - - -
April 2, 1998
Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Onesimo Rios-Lopez appeals his conviction and sentence for being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). He challenges the sufficiency of the evidence; the district court's exclusion of certain evidence as hearsay, irrelevant, or inadmissible; and the consideration of conduct for which Rios was acquitted in determining his guideline sentencing range.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rios' challenge to the sufficiency of the evidence is that the Government did not prove the possession element of the crime. See United States v. Ybarra, 70 F.3d 362, 365 (5th Cir. 1995). This argument lacks merit. See United States v. Smith, 930 F.2d at 1081, 1086 (5th Cir. 1991) (evidence sufficient despite joint occupancy because all weapons, including those in bedroom apparently occupied by defendant, were conveniently accessible to defendant). Viewed in the light most favorable to the prosecution, the evidence is sufficient to support a finding that Rios knowingly possessed the firearms.

Rios argues that he was unfairly prevented from introducing evidence. Rios' proffers one through thirty-four were certified copies of public documents which Rios contends connected another possible perpetrator to the residence and provided circumstantial evidence relevant to show his opportunity and intent to commit the offense. Rule 404(b) precludes admission of other crimes evidence for the purpose of showing the propensity of another to commit the crime. As for the other excluded evidence, the district court did not abuse its discretion in excluding it as hearsay, irrelevant, or prejudicial. See United States v. Reeves, 892 F.2d 1223, 1225 (5th Cir. 1990).

Rios argues that the district court improperly considered evidence of his possession of cocaine during the commission of the firearms offenses because he was acquitted of the count charging him with possession of the cocaine and because the

Government failed to demonstrate any connection between the cocaine and the weapons' offenses. "A jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." United States v. Watts, 117 S. Ct. 633, 638 (1997).

Rios also challenges the sufficiency of the evidence to support a finding that he possessed the weapons in connection with a drug-trafficking offense. This court has held that the presence of a firearm in the same room as drugs will support application of U.S.S.G. § 2K21.1(c). United States v. Condren, 18 F.3d 1190, 1199-1200 (5th Cir. 1994). The district court's finding that the possession of the firearms was connected to a drug-trafficking offense is not clearly erroneous. Rios' challenge to the court's application of the guidelines lacks merit.

AFFIRMED.